IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LAFAYETTE STONE,

        Plaintiff,

vs.                                              No. CV 16-00528 JCH/LF

STATE OF NEW MEXICO DISTRICT
ATTORNEYS OFFICE, CITY OF
ALBUQUERQUE METROPOLITAN DETENTION
CENTER, KARI BRANDENBURG,

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on the Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 filed by Plaintiff Lafayette Stone on June 2, 2016 (Doc. 1). Also before the Court is Plaintiff Stone's Motion for Order Directing U.S. Marshals to Effect Service on All Defendants (Doc. 4). The Court will Deny Stone's Motion as moot and dismiss his Complaint for failure to state a claim on which relief can be granted.

Plaintiff Stone is proceeding pro se and *in forma pauperis*. The Court has the discretion to dismiss an *in forma pauperis* complaint *sua sponte* for failure to state a claim upon which relief may be granted under either Fed. R. Civ. P. 12(b)(6) or 28 U.S.C. § 1915(e)(2)(B). Under Fed. R. Civ. P. 12(b)(6) the Court must accept all well-pled factual allegations, but not conclusory, unsupported allegations, and may not consider matters outside the pleading. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Dunn v. White,* 880 F.2d 1188, 1190 (10th Cir. 1989). The court may dismiss a complaint under rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged." *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services,* 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to

relief that is plausible on its face." *Twombly,* 550 U.S. at 570. A claim should be dismissed where it is legally or factually insufficient to state a plausible claim for relief. *Twombly*, 550 U.S. at 570.

Under § 1915(e)(2)(B) the Court may dismiss the complaint at any time if the Court determines the action fails to state a claim for relief or is frivolous or malicious. 28 U.S.C. § 915(e)(2)(B)(2). The authority granted by § 1915 permits the court the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neitzke v. Williams,* 490 U.S. 319, 327 (1989). *See also Hall v. Bellmon,* 935 F.2d at 1109. The authority to "pierce the veil of the complaint's factual allegations" means that a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations. *Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992). The Court is not required to accept the truth of the plaintiff's allegations but, instead, may go beyond the pleadings and consider any other materials filed by the parties, as well as court proceedings subject to judicial notice. *Denton,* 504 U.S. at 32-33.

In reviewing a pro se complaint, the Court liberally construes the factual allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992). However, a pro se plaintiff's pleadings are judged by the same legal standards that apply to all litigants and a pro se plaintiff must abide by the applicable rules of court. *Ogden v. San Juan County,* 32 F.3d 452, 455 (10th Cir. 1994). The Court is not obligated to craft legal theories for the plaintiff or to supply factual allegations to support the plaintiff's claims. Nor may the Court assume the role of advocate for the pro se litigant. *Hall v. Bellmon,* 935 F.2d at 1110.

In deciding whether to dismiss the complaint, in whole or in part, the Court is to consider whether to allow plaintiff an opportunity to amend the complaint. Pro se plaintiffs should be given a reasonable opportunity to remedy defects in their pleadings. *Reynoldson v. Shillinger,*

907 F.2d 124, 126 (10th Cir. 1990). The opportunity to amend should be granted unless amendment would be futile. *Hall v. Bellmon,* 935 F.2d at 1109. An amendment is futile if the amended claims would also be subject to immediate dismissal under the rule 12(b)(6) or § 1915(e)(2)(B) standards. *Bradley v. Val-Mejias,* 379 F.3d 892, 901 (10th Cir. 2004).

Plaintiff Stone names the State of New Mexico District Attorneys Office as a Defendant in this case.(Doc. 1 at 1). The State of New Mexico District Attorneys Office is a state agency. As such, the claims against it are claims against the State of New Mexico. The State is not a "person" within the meaning of 42 U.S.C. § 1983 and, therefore, there is no remedy against the State under § 1983. The claims against the State of New Mexico District Attorneys Office will be dismissed. *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 63-64 (1989).

Stone also names Kari Brandenburg, in her capacity as District Attorney, as a Defendant. (Doc. 1 at 1; Doc. Doc. 6 at 5-6). Prosecutors are entitled to immunity in the performance of their prosecutorial functions. *Miller v. Spiers*, 434 F.Supp.2d 1064 (2006); *Johnson v. Lally,* 118 N.M. 795, 796, 887 P.2d 1262, 1263 (Ct. App. 1994). The common law has long recognized prosecutors must be given immunity from the chilling effects of civil liability. *Burns v. Reed,* 500 U.S. 478, 485, 111 S.Ct. 1934, 114 L.Ed.2d 547 (1991); *Griffith v. Slinkard,* 146 Ind. 117, 44 N.E. 1001, 1002 (1896); *Collins,* 111 N.M. at 396, 806 P.2d at 45. Prosecutors are absolutely immune from damages for their advocacy and activities "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). Stone makes no factual allegations against Defendant Brandenburg and her name appears in the record only on the letterhead of target notices sent to Plaintiff Stone by the Office of the District Attorney. (Doc. 6 at 5-6). Therefore, Stone makes no allegations of conduct that is outside the performance of prosecutorial functions and the claims against Defendant Brandenburg will also be dismissed.

Last, Stone names the City of Albuquerque Metropolitan Detention Center as a Defendant. (Doc. 1 at 2). To hold a municipality liable, a plaintiff must show a government's policy or custom that caused the constitutional injury. *Monell v. Department of Social Services,* 436 U.S. 658, 691–92, 694 (1978); *see also City of Canton v. Harris,* 489 U.S. 378, 389 (1989). The "official policy" requirement was intended to distinguish acts of the municipality from acts of employees of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible. *Pembaur v. City of Cincinnati,* 475 U.S. 469, 479 (1986); *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 769–70 (10th Cir. 2013). To the extent Stone seeks to impose municipal liability on the City of Albuquerque, the Complaint does not allege any policy or custom of the City of Albuquerque and fails to state a claim for relief.

Last, In *Heck v. Humphry,* 512 U.S. 477, 487 (1994), the Supreme Court addressed the question of when a prisoner may bring a § 1983 claim relating to his conviction or sentence. The Court held that when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed. *Heck,* 512 U.S. at 487. Similarly, although in some circumstances a prospective injunction may be available under § 1983, to the extent a request for declaratory or injunctive relief would necessarily invalidate the prisoner's conviction or sentence, declaratory and injunctive relief are also barred by the *Heck* doctrine*. Wilkinson v. Dotson,* 544 U.S. 74, 80-81 (2005). *See also Edwards v. Balisok,* 520 U.S. 641 (1997).

Stone's Prayer for Relief specifically asks the Court to "have this case number dismissed <D+202-CR-2016-00156> an for the court to figer out how much money damages I should get for the days I did in jail." (Doc. 1 at 5). Stone has been convicted and sentenced on four of the

five felony charges against him in State of New Mexico cause no. D-202-CR-2016-00156. Because a favorable ruling on Stone's claims would require treating his criminal prosecution in Second Judicial District cause no. D-202-CR-2016-00156 as invalid, the civil rights claims in the Complaint must be dismissed under the *Heck* doctrine. *See, Beck v. City of Muskogee Police Dept.,* 195 F.3d 553, 556–57 (10th Cir.1999). The claims against Defendant State of New Mexico District Attorneys Office, City of Albuquerque Metropolitan Detention Center, and Kari Brandenburg for violation of 42 U.S.C. § 1983 are barred by *Heck* and, therefore, fail to state a claim on which relief can be granted.

The Court has considered matters outside the pleading and will dismiss Stone's Complaint for failure to state a claim under the 1915(e)(2)(B) standard. The Court will dismiss all of Stone's claims in this case without leave to amend. The Court determines that any amendment of Stone's Complaint would still be barred under the *Heck* doctrine and would be subject to immediate dismissal. Therefore, granting of leave to amend the Complaint would be futile. *Hall v. Bellmon,* 935 F.2d at 1109; *Bradley v. Val-Mejias,* 379 F.3d at 901.

IT IS ORDERED that Plaintiff Stone's Motion for Order Directing U.S. Marshals to Effect Service on All Defendants (Doc. 4) is **DENIED** as moot in light of the dismissal of Stone's claims, and the Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 filed by Plaintiff Lafayette Stone on June 2, 2016 (Doc. 1) is **DISMISSED** for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B).

_____
UNITED STATES DISTRICT JUDGE